IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02515-BNB

STEVEN COLLINS,

    Plaintiff,

v.

ANITA ARCHULETA,
TRAVIS HADAWAY, and
KIRK M. TAYLOR,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 22 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Steven Collins, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Kit Carson Correctional Center. Mr. Collins initiated this action by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on October 26, 2009. Mr. Collins was granted leave to proceed pursuant to 28 U.S.C. § 1915 by order dated November 16, 2009.

On December 4, 2009, Magistrate Judge Boyd N. Boland determined that the Complaint was deficient because it failed to allege the personal participation of all named Defendants. Therefore, Magistrate Judge Boland ordered Mr. Collins to file an Amended Complaint, which Mr. Collins filed on January 5, 2010.

Mr. Collins has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006). Subsection (e)(2)(B) of § 1915 requires a

court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Collins is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the Amended Complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Mr. Collins asserts six claims in the Amended Complaint. First, he alleges that on September 9, 2008, Defendant Anita Archuleta used unprofessional and abusive language during his parole revocation hearing. Amended Complaint at 4. Second, he

alleges that during this same parole revocation hearing, Defendant Archuleta assaulted him by throwing a handful of papers at him. *Id.* at 5. Third, he alleges that Defendant Archuleta discussed personal matters related to Mr. Collins' parole hearing with another inmate's sibling. *Id.* at 6. Fourth, he alleges that Defendant Travis Hadaway failed to contact the "proper authorities" or investigate Mr. Collins' allegations against Defendant Archuleta. *Id.* at 7. Fifth, he alleges that Defendant Hadaway made only a "neglectful effort" to investigate his allegations. *Id.* at 8. Sixth, he alleges that Defendant Kirk M. Taylor refused to allow him to file charges against Defendant Archuleta, and also made a "minimal effort at investigating the situation." *Id.* at 9. Mr. Collins alleges that these actions violated his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment, and his right to due process pursuant to the Fourteenth Amendment.

Nothing in Mr. Collins' first and second claims against Defendant Archuleta rises to the level of a constitutional deprivation. Although Mr. Collins alleges that Defendant Archuleta used inappropriate and profane language during his parole hearing, verbal harassment and threats without more do not state an arguable constitutional claim. **See Northington v. Jackson**, 973 F.2d 1518, 1524 (10th Cir. 1992); **Cumbey v. Meachum**, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); **Collins v. Cundy**, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam).

Furthermore, Mr. Collins' allegation that Defendant Archuleta "assaulted" him by "hitting [him] . . . with a handful of papers" does not state a claim of excessive force. Amended Complaint at 5. Mr. Collins fails to assert any physical injury due to the

alleged use of excessive force. A claim of excessive force requires some actual injury that is not de minimis. **Cortez v. McCauley**, 478 F.3d 1108, 1129 (10th Cir. 2007). Mr. Collins, therefore, fails to state a claim that rises to the level of a constitutional deprivation with respect to his verbal abuse or assault claims against Defendant Archuleta.

Mr. Collins alleges in his third claim that Defendant Archuleta "informed an inmates [sic] sibling for [sic] matters of the Parole hearing and of a personal nature," in violation of his right to due process. Amended Complaint at 6. He also alleges that Defendant Archuleta committed the "tort of slander." **Id.** Mr. Collins fails to identify the contents of the statements allegedly made by Defendant Archuleta, and also fails to allege any injury based upon the personal information he maintains erroneously was released. The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. **Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.**, 454 U.S. 464, 472 (1982); **Hackford v. Babbitt**, 14 F.3d 1457, 1464 (10th Cir. 1994). Because Mr. Collins fails to demonstrate any actual or threatened injury as a result of the personal information he contends was released by Defendant Archuleta, Mr. Collins lacks standing to assert claims attacking the alleged error. See **Citizens Concerned for Separation of Church & State v. City & County of Denver**, 628 F.2d 1289, 1295-96 (10th Cir. 1980).

Further, to the extent Mr. Collins is attempting to assert a procedural due process violation based upon defamation by a state official, as the Tenth Circuit explained in ***Gwinn v. Awmiller***, 354 F.3d 1211, 1216 (10th Cir. 2004),

> "'Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him,' a protectible liberty interest may be implicated that requires procedural due process in the form of a hearing to clear his name." ***Jensen v. Redevelopment Agency of Sandy City***, 998 F.2d 1550, 1558 (10th Cir. 1993) (quoting ***Wisconsin v. Constantineau***, 400 U.S. 433, 437 (1971)). Damage to one's reputation alone, however, is not enough to implicate due process protections. ***See Paul v. Davis***, 424 U.S. 693, 701 (1976) (stating that "reputation alone, apart from some more tangible interests such as employment, is neither 'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause."); ***McGhee v. Draper***, 639 F.2d 639, 643 (10th Cir. 1981) ("[S]tigmatization or reputational damage alone, no matter how egregious, is not sufficient to support a § 1983 cause of action.").
>
> Instead, a plaintiff asserting that the government has violated the Due Process Clause by impugning his or her "good name, reputation, honor, or integrity," ***Jensen***, 998 F.2d at 1558, must demonstrate that: (1) the government made a statement about him or her that is sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she asserts is false, and (2) the plaintiff experienced some governmentally imposed burden that "significantly altered [his or] her status as a matter of state law." ***Paul***, 424 U.S. at 710-11, 96 S.Ct. 1155. This is sometimes described as the "stigma plus" standard.

***Id.***

Here, Mr. Collins fails to identify the contents of the alleged statements by Defendant Archuleta, fails to allege any injury to his reputation, and fails to allege that these statements were actually false. Accordingly, his vague and conclusory allegations are insufficient to assert a procedural due process violation, ***see Paul***, 424 U.S. at 710-11, and Claim Three must be dismissed.

Finally, the Court finds that Mr. Collins fails to allege facts to demonstrate that Defendants Travis Hadaway, a Parole Supervisor, and Kirk M. Taylor, the Pueblo County Sheriff, personally participated in the alleged constitutional violations.

As Magistrate Judge Boland previously informed Mr. Collins, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Collins must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Collins is suing Defendant Hadaway for violating his due process rights because Defendant Hadaway "was contacted by [Mr. Collin's] spouse . . . concerning the allegations against [Defendant Archuleta]. Mr. Hadaway made a minimal attempt to rectify the situation." Amended Complaint at 7. With respect to Defendant Taylor, Mr. Collins alleges that he also "made a minimal attempt at investigating the situation." *Id.* at 9.

These allegations are not sufficient to demonstrate that either Defendant Hadaway or Defendant Taylor personally participated in any alleged constitutional violation. Moreover, as set forth above, the Court has found that no constitutional

violation occurred with respect to Mr. Collins' claims against Defendant Archuleta and her alleged inappropriate conduct.  Therefore, because Mr. Collins fails to allege facts that demonstrate Defendant Hadaway and Defendant Taylor personally participated in any alleged constitutional violations, the due process claims against them are legally frivolous and must be dismissed.  Accordingly, it is

ORDERED that the amended complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED at Denver, Colorado, this 21st day of January, 2010.

BY THE COURT:

_____ for

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02515-BNB

Steven Collins
Prisoner No. 111499
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/22/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk